# United States District Court

Click here to enter text.

Beverly M. Brown

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

Panola Medical Center

_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s).
If you cannot fit the names of all of the defendants in the
space provided, please write "see attached" in the space
above and attach an additional sheet of paper with the full list
of names. The names listed in the above caption must be
identical to those contained in Section I. Do not include
addresses here.)*

3:20cv151-SA-JMV

**Case No.** _____
(To be filled out by Clerk's
Office only)

Jury Demand?
☒Yes
☐ No

# COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from
public access to electronic court files. Under this rule, papers filed with the court should *not*
contain: an individual's full social security number or full birth date; the full name of a person
known to be a minor; or a complete financial account number. A filing may include *only*: the last
four digits of a social security number; the year of an individual's birth; a minor's initials; and
the last four digits of a financial account number.

## I.    PARTIES

**Plaintiff**

*List your name, address and telephone number. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.*

Plaintiff:    Brown, Beverly M.
Name (Last, First, MI)

719 CR 313
Street Address

Lafayette, Oxford,    MS    38655
County, City    State    Zip Code

662-801-2289    beverlymbrown@live.com
Telephone Number    E-mail Address (if available)

**Defendant(s)**

*List all defendants. You should state the full name of the defendants, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant resides or does business. Make sure that the defendant(s) listed below are identical to those contained in the caption. Attach additional sheets of paper as necessary.*

**Defendant 1:**    Panola Medical Center
Name (Last, First)

303 Medical Center Drive
Street Address

Panola, Batesville    MS    38606
County, City    State    Zip Code

Nature of business:    Hospital

**Defendant 2:**
Name (Last, First)

Street Address

County, City    State    Zip Code

Nature of business:

## II.    CAUSE OF ACTION

*Check only the options below that apply in your case.*

This employment discrimination lawsuit is brought under:

☒    **Title VII of the Civil Rights Act of 1964,** as amended, 42 U.S.C. §§ 2000e, et seq., for employment discrimination on the basis of race, color, religion, sex, or national origin.

☐    **Age Discrimination in Employment Act of 1967**, as amended, 29 U.S.C. §§ 621, *et seq.*, for employment discrimination on the basis of age. My year of birth is: _____.

☐    **Rehabilitation Act of 1973**, as amended, 29 U.S.C. §§ 701, *et seq.*, for employment discrimination on the basis of a disability by an employer which constitutes a program or activity receiving federal financial assistance.

☐    **Americans with Disabilities Act of 1990**, as amended, 42 U.S.C. §§ 12101, *et seq.*, for employment discrimination on the basis of a disability.

☐    Click here to enter text.

This Court has subject matter jurisdiction over this case under the above-listed statutes and under 28 U.S.C. §§ 1331 and 1343.

## III.    STATEMENT OF CLAIM

The conduct complained of in this lawsuit involves *(check only those that apply)*:

| CLAIM | DATE(S) OF OCCURRENCE | PLACE OF OCCURRENCE |
|---|---|---|
| ☐ failure to hire me | | |
| ☒ termination of my employment | August 2019 | Panola Medical Center |
| ☐ failure to promote me | | |
| ☐ failure to accommodate my disability | | |
| ☒ terms and conditions of my employment differ from those of similar employees | | |
| ☒ retaliation | July 29, 2019 | Panola Medical Center |
| ☒ harassment | July, August 2019 | Panola Medical Center |
| ☐ other *(specify below)*: | | |

The conduct of Defendant(s) was discriminatory because it was based on (check only those that apply):

☐ race        ☐ religion        ☐ national origin        ☐ age (year of
☒ color       ☐ sex             ☐ disability             birth:_____

**Facts**
*State here briefly the specific facts that support your claim:*

I, Beverly M. Brown, worked PRN as a registered nurse in the Panola Medical Center Emergency Room. I ask to director, Cindy Tritt, on five occasion for a full-time position. Cindy replied that I had a job, I had insurance, I couldn't work the hours, she had some else that needed a job or insurance and never offered me a position. She hired five white nurses instead.

**IV.    ADMINISTRATIVE PROCEDURES**

Did you file a charge of discrimination against defendant(s) with the EEOC or any other federal or state agency?

☒        Yes *(You must attach a copy of the charge to this complaint.)*
☐        No

Have you received a Notice of Right to Sue from the EEOC?

☒        Yes *(You must attach a copy of the Notice of the Right to Sue.)*
☐        No

**V.    RELIEF**

The relief I want the court to order is (*check only those that apply*):

☐        Direct the defendant to hire the plaintiff
☒        Direct the defendant to re-employ the plaintiff
☐        Direct the defendant to promote the plaintiff.
☐        Direct the defendant to reasonably accommodate the plaintiff's religion
☐        Direct the defendant to reasonably accommodate the plaintiff's disabilities
☒        Direct the defendant to (*specify*):

to compensate the plaintiff financially for loss of potential wages, pain and suffering.

## VI.    CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

May 29, 2020
Dated

Benn M. Brown
Plaintiff's Signature

Brown, Beverly M.
Printed Name (Last, First, MI)

*List the same information for any additional plaintiffs named. Attach additional sheets of paper as necessary.*



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Little Rock Area Office**

820 Louisiana St., Suite 200
Little Rock, AR 72201
Little Rock Direct Dial: (501) 324-5060
Writer's Email chris.stafford@eeoc.gov
FAX (501) 324-5991

**Beverly M. Brown**
**719 CR 313**
**Oxford, MS 38655**

**Re: Charge #490-2019-02039; Beverly Brown v PANOLA MEDICAL CENTER**

Dear Ms Brown:

The enclosed Notice terminates the processing of referenced EEOC charge and gives notice of right to sue within 90 days. On 1/6/2020, a copy of the Respondent's position statement was sent to you electronically, and you were given an opportunity to provide a response within 20 days. All evidence collected during the investigation was thoroughly reviewed. The investigation revealed the following facts:

You alleged you were subjected to a hostile work environment and discriminated against because of my race (Black) and retaliated against for protected complaints in violation of Title VII of the Civil Rights Act of 1964, as amended.

Investigation showed that you did not apply for any full-time positions. Between May - Sept 2019, you were the subject of numerous performance concerns, to include both co-worker and patient complaints. Regarding your allegations of retaliation, the investigation was unable to show or corroborate your allegations that you complained of race discrimination. You were discharged for a combination of performance concerns and insubordination. There is insufficient evidence and the investigation was unable to show a causal nexus between your race and any adverse employment action.

No further action will be taken by this office regarding your charge of discrimination. The Director's determination in this matter is enclosed. This determination concludes the processing of the charge by the EEOC, but does not affect your right to sue on your own behalf. You may pursue the matter by filing in Federal District Court as explained in the Dismissal and Notice of Rights.

Sincerely,

*Chris Stafford*
Chris Stafford
Federal Investigator

Date:_2/26/2020

Enclosure: Dismissal and Notice of Rights

EEOC Form 161 (11/16)

**U.S. Equal Employment Opportunity Commission**

## Dismissal and Notice of Rights

| | |
|---|---|
| To: **Beverly M. Brown**<br>**719 CR 313**<br>**Oxford, MS 38655** | From: **Little Rock Area Office**<br>**820 Louisiana**<br>**Suite 200**<br>**Little Rock, AR 72201** |

☐ On behalf of person(s) aggrieved whose identity is
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **490-2019-02039** | **Chris E. Stafford,**<br>**Investigator** | **(501) 324-5812** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_(signature)_                                    FEB 2 6 2020

**William A. Cash, Jr.,**
**Area Office Director**                              *(Date Mailed)*

Enclosures(s)

cc:
**Bridgett Cosby**
**Director of Human Resources**
**PANOLA MEDICAL CENTER**
**303 Medical Center Dr**
**Batesville, MS 38606**

**James D. Harper, ESQ**
**Harper Little, PLLC**
**800 College Hill Rd , #5201**
**PO Box 3150**
**Oxford, MS 38655**

Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge <u>within **90 days** of the date you *receive* this Notice</u>. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than <u>2 years (3 years)</u> before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA <br> ☒ EEOC | 490-2019-02039 |

| null | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.) <br> **Mrs. Beverly M Brown** | Home Phone <br> **(662) 236-2714** | Year of Birth |
|---|---|---|

| Street Address      City, State and ZIP Code <br> **719 CR 313, OXFORD, MS 38655** |
|---|

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name <br> **PANOLA MEDICAL CENTER** | No. Employees, Members <br> **201 - 500** | Phone No. <br> **(662) 712-2223** |
|---|---|---|

| Street Address      City, State and ZIP Code <br> **303 Medical Center Dr., TERZA, MS 38606** |
|---|

| Name | No. Employees, Members | Phone No. |
|---|---|---|

| Street Address      City, State and ZIP Code |
|---|

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **03-16-2019**    Latest **09-11-2019**
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began my employment as a PRN Registered Nurse in September 2000. I was terminated on September 11, 2019.

On several occasions during my employment, ER Director of Nursing Cindy Tritt (White) denied me promotions to a full-time employee. Instead of promoting me, she hired Whites as full-time employees. In June 2019, I was disciplined for complaining about my work schedule, swapping work shifts and working extra shifts. I am aware of similarly situated White nurses who have swapped and/or worked extra shifts without consequence. In addition, a White co-worker subjected me to offensive comments and conduct. Due to the unequal terms/conditions of employment and offensive conduct towards me, I believe I was subjected to a hostile work environment because of my race (Black). I complained to management about being subjected to a hostile work environment on July 28th, 29th and August 8th, 2019. On September 11, 2019, I was discharged.

I believe I have been subjected to a hostile work environment and discriminated against because of my

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. <br> SIGNATURE OF COMPLAINANT |
| **Digitally signed by Beverly Brown on 09-12-2019 04:41 PM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE <br> *(month, day, year)* |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 490-2019-02039 |

| null | and EEOC |
|---|---|
| *State or local Agency, if any* | |

race (Black) and retaliated against for protected complaints in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Digitally signed by Beverly Brown on 09-12-2019 04:41 PM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

**1. FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

**2. AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

**3. PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

**4. ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

**5. WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation,

proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.



| 800 College Hill Road, Suite 5201 P. O. Box 3150 Oxford, MS 38655 | 164 Market Street, Suite 139 Charleston, SC 29401 | James D. Harper* Terry Little C. Clay Olson*** Lauren Olson*** |
|---|---|---|
| P: 662.234.0320 F: 662.259.8464 | P: 843.224.6676 F: 662.259.8464 | *Also licensed in Alabama and Tennessee *** Licensed in South Carolina |



October 16, 2019

U.S. Equal Employment Opportunity Commission
Memphis District Office
1407 Union Avenue, Suite 901
Memphis, TN 38104

      **RE:**    **Beverly M. Brown**
                 **Charge No. 490-2019-02039**

Dear EEOC Investigation Officer:

Please allow this correspondence, including the attached documentation to serve as the position statement of Respondent Panola Medical Center ("Panola Medical Center" or "Respondent") in response to Claimant Beverly M. Brown's ("Brown" or "Claimant") Charge of Discrimination.

## SUMMARY

Panola Medical Center is a rural community hospital located in Batesville, Mississippi. It employs approximately 390 workers.

Respondent adamantly denies all of the allegations contained in Brown's Charge of Discrimination. In her charge, Brown alleges discrimination on the basis of her race (African American) and retaliation against her for protected complaint in violation of Title VII of the Civil Rights Act of 1964, as amended. She makes several accusations, including that she was denied promotions to a full-time employee because of race, subjected to a hostile work environment because of the actions of a white co-worker and unequal terms/conditions of employment, and she was retaliated against in the form of termination because she complained to management. These allegations are without merit.

## FACTS

As mentioned in her charge of discrimination, Brown was hired on September 28, 2000 as a PRN (as needed) registered nurse in the emergency room. Respondent's policy explains that PRN is employed on an as needed basis and not regularly scheduled. *See* Exhibit A (Policy A.3

Employee Classifications). This has worked for Brown as she has a full-time state job as a school nurse in Coffeeville, as well as working at the hospital. She has been able to work more hours on Holidays and Summer Break. Full Time employment as a nurse in the ER has to regularly work 12-hour shifts: day shift (7 am -7 pm), a night shift (7 pm -7 am), or a mid-shift from 10 am to 10 pm.

As a PRN employee, Brown was able to come in at 4 pm to 10 pm or later as needed to fill the schedule. The full-time jobs that were posted were for those set 12-hour shifts, attached as Exhibit B (Postings). Brown did not apply online for these positions, and she never went to HR to request a posted full-time position. *See* Exhibit C (Policy regarding Job Postings). She did mention to her manager that she wanted to go full time, but Brown could not commit to these hours as she was keeping her full-time school job. It is impractical and unsafe to consider Brown working two full-time nursing jobs, one of which was in an ER.

In March of 2019, Panola Medical Center changed ownership and management.

Respondent has had several problems with Brown over the last few months.

On May 28, 2019, Brown was counseled by Alecia Benson, CNO (Chief Nursing Officer), about issues with Brown's handling of turning away patients in the ER, about nagging co-workers for more shifts, and working overtime without authorization. *See* Exhibit D.

On May 31 and June 3, 2019, Brown was given a written warning by the nursing manager, Cindy Tritt. Ms.Tritt spoke to Brown about her attitude and insubordination, and Tritt gave Brown a written warning about changing the schedule without permission from the supervisor and correcting her attitude on non-working days. Brown had been told to stop changing the schedule without permission from management. Also, Brown had gone up to the nursing desk on her off day and was talking negatively about everybody, including management. *See* Exhibit E.

On July 31, 2019, Cindy Tritt and Marsha Cannon, RN House Supervisor, had a verbal counseling with Brown to discuss staff complaints about Brown. Also, they informed her again that Brown needed to stop telling patients they do not need to be seen in the ER because this is potential EMTALA violation. *See* Exhibit F.

On August 1, 2019, Brown went to Shaun Willoughby, Director of Diagnostic Imaging and asked why one of his technologists would write a letter as part of her reprimand. Willoughby advised Brown that she would need to take that up with her manager, Cindy Tritt. *See* Exhibit G. This is evidence of Brown looking to retaliate against an employee about a complaint lodged against her.

On September 4, 2019, Alecia Benson, Chief Nursing Officer of the hospital, sent an e-mail correspondence about nurses being unkind and negative and how it is hurting morale. *See* Exhibit H.

On September 5, 2019, Chris Ware, COO, had a meeting with the Emergency Room staff regarding negativity and bad attitudes. He discussed that they could not turn anyone away and that

they need to be empathetic to all patients and their family members. He discussed ways to transform negativity in the department. He also let everyone know that none of the above-mentioned behavior would be tolerated and if it did occur the employee would no longer work here. He had all the employees sign that they attended to the meeting and understood. This meeting was held after multiple complaints had been received by management regarding issues in the ER. Brown was one of the employees in that meeting. *See* Exhibit I.

On September 9, 2019, Chris Ware and Alecia Benson received complaints from a family member. Their son was in the ER with an anxiety attack and had a history of heart problems. Brown was the triage nurse. The patient was very offended by Beverly and the fact that she told him he was faking. The patient walked out and set in our parking lot until his father and brother could come and get him and take him to the ER in Oxford.

On September 11, 2019, Beverly Brown was terminated because of her insubordination by acting unprofessional to a patient in the ER thus turning them away after being told numerous times not to do that and being warned that any other incidents like that would lead to termination. *See* Exhibit J.

Even after her termination, management learned that Brown was contacting one of her former co-workers in an attempt to get them to find a patient's chart and to print it off for Brown. Once management was made aware of this, the ER staff was reminded that printing off patient information for personal use or to give to anyone would be a violation of federal HIPAA law. *See* Exhibit K. This attempt to violate federal law would have also led to Brown's termination had she not been terminated already.

## <u>RESPONSE TO CHARGE OF DISCRIMINATION/RETALIATION</u>

Respondent denies all of the material allegations set forth in Brown's charge of discrimination. With regard to the specific allegations, Respondent states as follows:

1) ER Director of Nursing, Cindy Tritt, denied me promotions to a full-time employee. Instead of promoting me, she hired Whites as full-time employees.

As stated above, Brown has not applied for a full-time nurse position over the last few months. Respondent has posted two jobs, and Brown did not apply to either one of them. Likewise, she did not ask HR for a full-time job. Thus, Brown did not go through the proper channels to obtain or apply for a full-time nursing position with Respondent.

We understand that Brown might have requested full-time shifts from Tritt, but Brown was never able to work those assigned shifts regularly. Brown's requests would have not been reasonable, workable, or safe in the operation of the ER, especially given that Brown also had another full-time nursing job during the day. Brown's complaint was about not getting certain full-time shifts from time to time when she was a PRN nurse and limited to PRN shift openings.

2) In June 2019, I was disciplined for complaining about my work schedule, swapping work shifts and working shifts. I am aware of similarly situated White nurses who have swapped and/or worked extra shifts without consequence.

Brown was counseled for not following directions about changing work schedules and for having unauthorized overtime. She was also counseled for complaining at the nursing desk to anyone who might be around, including physicians, other staff, and even patients, regarding her work schedule. This was clearly inappropriate and disruptive to the working and business environment. If she had a complaint with her work schedule, she should have followed the chain of command to wage her complaints in a civil manner. We are not aware of other nurses who have engaged in the same type of behavior and to the same extent or frequency as Brown. Brown's allegations here are without merit.

3) In addition, a white co-worker subjected me to offensive comments and conduct.

See Response below to Statement No. 5.

4) Due to the unequal terms/conditions of employment and offensive conduct towards me, I believe I was subjected to a hostile work environment because of my race (Black).

Based upon the information above that we have provided, there is no corroborating evidence to support Brown's assertion that she has been subjected to a hostile work environment because her race. As the facts that we have presented show, she was the one who has caused a hostile work environment by her improper actions and poor attitude in the ER.

5) I complained to management about being subjected to a hostile work environment on July 28th, 29th, and August 8th, 2019.

During this time period, Brown had an altercation with a Charge Nurse. The situation was handled, and the charge nurse was written up for her behavior. Respondent has a practice of not sharing the discipline of others with staff and Brown was not happy that the nurse was not automatically fired or that we only told her we would handle the situation.

Afterwards, Brown complained to Alecia Benson and Cindy Tripp that she felt that they were picking on her and that they were not treating Brown fairly. At no time did Brown allege that the difference in treatment was on the basis of her race. At that point Chris Ware, COO, began to investigate Brown's claim and determined that there was no merit to it.

The Respondent and its HR director, Bridgett Cosby, are not aware of any complaints by Brown that she was being subjected to a hostile work environment based on her race.

6) I believe that I have been subjected to a hostile work environment and discriminated against because of my race (Black) and retaliated against for protected complaints in violation of Title VII of the Civil Rights Act of 1964, as amended.

4

The facts as shown herein do not support Brown's claims of unlawful discrimination or retaliation. Rather, the facts show that Brown has been counseled about several things and that she was ultimately terminated because of insubordination regarding her treatment of a patient to the ER which caused the patient to leave without treatment and go to another ER. These are legitimate, non-discriminatory, non-retaliatory reasons for her termination.

## CONCLUSION

For the reasons set forth herein, Respondent requests that the charges be dismissed with a No Cause finding. While this position statement attempts to comprehensively address all the allegations set forth in the Charge, to the extent an allegation is not addressed, it is hereby denied.

Should you have any questions, please feel free to contact the undersigned.

Sincerely,

James D. Harper
Attorney for Panola Medical Center

JDH/md

The information and supporting documentation contained herein, and that which may be submitted hereafter, is strictly confidential and not to be used for any purpose other than the resolution of the current Charge or disseminated to any person without Respondent.'s prior written approval unless otherwise required by law. Sec 42 U.S.C. §§200e-5(b); 2000e-89(e); 29 C.F.R. §§1601.22, 1601.26, and 56 Fed. Reg. 10847. In addition, this response is based upon Respondent's understanding of the facts and information reviewed thus far. Although there has not been an opportunity for formal discovery, and accordingly, this response is submitted for the purpose of aiding the Commission in its investigation and facilitating the informal resolution of this matter. This response, while believed to be accurate, does not constitute an affidavit or a binding statement of Respondent's legal position, nor is it intended to be used as evidence of any kind in an administrative or court proceeding in connection with Brown's allegations. Because additional facts likely will be uncovered through discovery, Respondent in no way waives its right to present new or additional information at a later date, for substance or clarification. Moreover, by responding to this Charge, Respondent does not waive, and hereby preserves, any and all substantive and procedural defenses that may exist to the Charge and Brown's allegations. Respondent requests that any efforts to contact its current managers be directed through its counsel.